## G. S. HILDRETH v. STATE.

No. A-6985. Opinion Filed September 21, 1929.
(281 Pac. 151.)

L. C. McLean, for plaintiff in error.

Dan Mitchell, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county on a charge of having possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of six months.

The evidence of the state was that the sheriff and his two deputies, Peel and Malter, and Federal Prohibition Agent DeMonbrun had a search warrant for the premises occupied by the defendant, and that as a result of the search of the premises they found more than 100

bottles of beer and 3 pints of whisky. This whisky and beer was hid around in various places, some in the creek, some in a spring, and some covered over with sod, and in addition to that they found a gallon jug half-full of beer, and 10 one or two gallon jugs, that were empty and had a smell of beer and whisky in them, and a 10-gallon keg. They found a 15-gallon keg with the head out, and fresh mash, with burners and 15 feet of hollow wire attached, capable of being used in manufacturing beer or whisky, and about 500 empty beer and whisky bottles in defendant's house. There was a path leading from the defendant's house, with fresh tracks, and the defendant was seen by the officers near where part of the beer was buried. The knees of his pants were wet and muddy. The officers testified that the defendant admitted that all of the beer found was on premises under his control, but that the 3 pints of whisky was found across the road from defendant's house. The officers further testified that several cars, with people, came and stopped at the premises while the search was being made.

This in substance is the evidence of the state. The defendant first contends that the evidence is insufficient to support the verdict of the jury. There is no merit in this contention.

The defendant next contends that the punishment is excessive. The jury left the fixing of the punishment to the trial judge, who sentenced the defendant to pay a fine of $500 and be imprisoned in the county jail for six months. This case appears to be one of those cases where punishment of this character is justified .

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.